IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GUY M. DOMAI,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>AMERICAN EXPRESS, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SERVICE OF PROCESS AND ORDERING AMENDMENT OF COMPLAINT<br><br><br><br>Case No. 2:13-CV-567 TS |

This matter is before the Court on Plaintiff's Motion for Service of Process.  For the reasons discussed below, the Court will deny Plaintiff's Motion and will direct him to file an amended complaint.

On June 26, 2013, Plaintiff filed a pro se civil rights complaint against American Express, Inc.  Plaintiff was allowed to proceed in forma pauperis.  Plaintiff now moves for service of process.

1

Pursuant to 28 U.S.C. § 1915(d), in cases where a party has been permitted to proceed in forma pauperis, the "officers of the court shall issue and serve all process."[1]  However, the Court may dismiss the case if it determines that it fails to state a claim upon which relief may be granted.[2]

The Court has reviewed Plaintiff's Complaint and finds that it is deficient.  Therefore, service of process is not warranted at this time.

The Court notes that Defendant lists only American Express, Inc. in the caption of his Complaint.  However, Plaintiff lists two individuals, Jeff Shane and John Moore, as Defendants in the body of the Complaint.  Based upon this, it is unclear whether Plaintiff seeks to bring claims only against American Express, Inc. or whether he also seeks to assert claims against these two individuals.

The Court further finds Plaintiff's Complaint deficient as to the claims raised.  Plaintiff asserts claims under the Family and Medical Leave Act ("FMLA").  Specifically, it appears that Plaintiff is attempting to assert claims under FMLA for interference and retaliation.  However, there are no allegations that would support such claims.

"To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or

---

[1] 28 U.S.C. § 1915(d).

[2] *Id*. § 1915(e)(2)(B)(ii).

attempted exercise of his FMLA rights."[3]  "To state a prima facie case of retaliation, [Plaintiff] must show that: (1) [he] engaged in protected activity; (2) [Defendant] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action."[4]  Plaintiff's Complaint contains no allegations that plausibly state such claims.

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.[5]  Plaintiff's Complaint does not meet this standard.  Therefore, the Court will direct Plaintiff to file an amended complaint that complies with these standards.

It is therefore

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 6) is DENIED.  Within thirty (30) days of this Order, Plaintiff is directed to file an amended complaint addressing the deficiencies noted in this Order.  Failure to do so may result in dismissal.

DATED   September 23, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[3] *Jones v. Denver Pub. Schs.*, 427 F.3d 1315, 1319 (10th Cir. 2005).

[4] *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006)

[5] Fed. R. Civ. P. 8(a).