IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>                Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CORPORATION, et al.,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO RULES 37, 41, AND 56<br><br><br>Case No. 2:13-CV-567 TS<br><br>District Judge Ted Stewart |

      This matter is before the Court on Defendant American Express Corporation's Motion for Dismissal Pursuant to Federal Rules of Civil Procedure 37, 41, and 56 and Plaintiff's Motion to Set Aside. For the reasons discussed more fully below, the Court will deny Defendant's Motion without prejudice and deny Plaintiff's Motion.

      Pro se Plaintiff Guy M. Domai filed his initial complaint on June 26, 2013.[1] After an initial pretrial conference, a scheduling order was entered that required each party's initial pretrial disclosures to be submitted by December 31, 2013.[2] To date, Plaintiff has not submitted his initial pretrial disclosures. On April 7, 2014, Defendant served written discovery on Plaintiff.[3] To date, Plaintiff has not responded to Defendant's discovery request or sought an extension from the Court. On April 14, 2014, the Court granted Plaintiff an extension of time to file his Amended Complaint, which required Plaintiff to file his Amended Complaint by May 2,

---

[1] Docket No. 1.
[2] Docket No. 23.
[3] Docket No. 30, Ex. B.

2014.[4]  To date, Plaintiff has not submitted his Amended Complaint.  The scheduling order sets the deadline for discovery for June 11, 2014.  To date, Plaintiff has not sought discovery from Defendant and has not responded to discovery requests from Defendant.  Defendant claims that Plaintiff has been unresponsive to all of Defendant's requests to schedule Plaintiff's deposition.

Defendant moves for dismissal under Rule 37 based on Plaintiff's failure to participate in discovery.  Rule 37 provides in relevant part, "The court . . . may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."[5]  Rule 37 also states that such sanctions may include dismissal of the case in whole or in part.[6]  Alternatively, Defendant moves for dismissal under Rule 41, which provides in relevant part, "If the Plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim."[7]

The Court considers several factors before dismissing a case under Rules 37 or 41 including, "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[8]

The Court has not warned Plaintiff that his failure to participate in discovery or prosecute his claim could result in sanctions including dismissal.  Although the other factors may weigh in

---

[4] Docket No. 27.

[5] Fed. R. Civ. P. 37(d)(1)(A).

[6] Fed. R. Civ. P. 37(b)(2)(A)(v).

[7] Fed. R. Civ. P. 41(b).

[8] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

favor of dismissal, given that Plaintiff is a pro se litigant, the Court will not dismiss the case without first putting Plaintiff on actual notice of the possible dismissal of his claims for failure to participate in discovery and failure to prosecute his claim. Therefore, the Court will deny Defendant's Motion to Dismiss under Rules 37 and 41 without prejudice. Plaintiff is on notice that if he does not participate in discovery or prosecute his claims, the Court may dismiss his claims under Rules 37 and 41.

Defendant also moves for dismissal under Rule 56. Under Rule 56, the Court will "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] To date, Plaintiff has not responded to Defendant's motion for summary judgment. The Court will allow Plaintiff an additional 30 days to respond to Defendant's Motion under Rule 56. If Plaintiff does not respond within 30 days, the Court may consider Defendant's Motion as unopposed or order sanctions up to and including terminating sanctions.

Plaintiff moves to set aside default.[10] The Court will deny Plaintiff's Motion as there is no default to set aside. Plaintiff's Motion also indicates his intention to file an Amended Complaint.[11] If Plaintiff wants to file an amended complaint, he must file a motion under Rule 15.

It is therefore

ORDERED that Defendant American Express Corporation's Motion for Dismissal Pursuant to Rule 37, 41, and 56 (Docket No. 30) is DENIED without prejudice. It is also

---

[9] Fed. R. Civ. P. 56(a).

[10] Docket No. 35.

[11] *Id.*

3

ORDERED that Plaintiff respond to Defendant's Motion for Summary Judgment within 30 days. Failure to do so may result in sanctions up to and including terminating sanctions. It is also

ORDERED that Plaintiff's Motion to Set Aside (Docket No. 35) is DENIED.

DATED this 15th day of October, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge