IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CORPORATION, et al.,<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S RENEWED MOTION FOR DISMISSAL PURSUANT TO RULES 37, 41, AND 56<br><br>Case No. 2:13-CV-567 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Defendant American Express Corporation's Renewed Motion for Dismissal Pursuant to Federal Rules of Civil Procedure 37, 41, and 56.  For the reasons discussed more fully below, the Court will grant Defendant's Motion.

　　　　Pro se Plaintiff Guy M. Domai filed his initial Complaint on June 26, 2013.[1]  Since filing his Complaint, Plaintiff has missed numerous deadlines.  After an initial pretrial conference, a scheduling order was entered that required each party's initial pretrial disclosures to be submitted by December 31, 2013.[2]  To date, Plaintiff has not submitted his initial pretrial disclosures.  On April 14, 2014, the Court granted Plaintiff an extension of time to file his Amended Complaint, which required Plaintiff to file his Amended Complaint by May 2, 2014.[3]  To date, Plaintiff has not submitted his Amended Complaint.

---

[1] Docket No. 1.

[2] Docket No. 23.

[3] Docket No. 27.

On July 10, 2014, Defendant filed a Motion to Dismiss Pursuant to Rules 37, 41, and 56.[4] The Court denied Defendant's Motion without prejudice on October 15, 2014, and ordered Plaintiff to respond to Defendant's Rule 56 Motion within 30 days.[5] The Court was clear that failure to respond could result in sanctions up to and including terminating sanctions. Plaintiff did not comply with the Court's Order. On November 17, 2014, Defendant renewed its Motion.[6] Plaintiff did not respond, but appeared to attempt to participate in discovery.

On February 4, 2015, the Court allowed Plaintiff one more opportunity to respond to Defendant's Rule 56 Motion and Renewed Motion to Dismiss. The Court required a response by February 9, 2015. The Court was clear that failure to respond would result in sanctions up to and including terminating sanctions. Plaintiff did not comply, but filed a Status Report with excuses as to why he has not complied with the Court's Orders.[7] Plaintiff also offered projected dates for when he may comply with the Court's Orders.[8]

The Court has given Plaintiff significant latitude, given his pro se status, but the Court's latitude has its limits.[9] Although "pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other

---

[4] Docket No. 30.

[5] Docket No. 37.

[6] Docket No. 40.

[7] Docket No. 49.

[8] *Id.*

[9] *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) ("as we often reiterate, the generous construction that we afford pro se pleadings has limits, and we must avoid becoming the plaintiff's advocate").

litigants."[10]  Plaintiff has had almost seven months to respond to Defendant's Motions.  In its most recent order, the Court left no doubt that it would terminate Plaintiff's claims if he failed to oppose Defendant's Rule 56 Motion and Renewed Motion.

Rule 41 provides in relevant part, "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim."[11]

The Court considers several factors before dismissing a case under Rule 41 including, "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[12]  Each of these factors weighs in favor of dismissing Plaintiff's claims.  Therefore, the Court will dismiss Plaintiff's claims.

It is therefore

ORDERED that Defendant American Express Corporation's Renewed Motion for Dismissal Pursuant to Rule 37, 41, and 56 (Docket No. 40) is GRANTED.  The Clerk of the Court is directed to close this case forthwith.

---

[10] *Whatcott v. City of Provo*, 231 F.R.D. 627, 630 (D. Utah 2005) *aff'd*, 171 F. App'x 733 (10th Cir. 2006) (dismissing pro se matter for failure to prosecute).

[11] Fed. R. Civ. P. 41(b).

[12] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992); *see also Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994).

DATED this 10th day of February, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge