IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| GUY M. DOMAI,<br><br>                    Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS CORPORATION, et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S REQUEST TO REVIEW DECISION<br><br>Case No. 2:13-CV-567 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion to Review Decision. The Court will construe this pro se Plaintiff's Motion to Review Decision as a Motion for Relief from Judgment under Rule 60(b). Even construed liberally, the Court finds no evidence that would support granting relief under Rule 60(b).

I.  BACKGROUND

Plaintiff filed his initial Complaint on June 26, 2013.[1] After filing his Complaint, Plaintiff missed numerous deadlines including the deadline to submit pretrial disclosures, file an Amended Complaint, and respond to Defendant's Motion for Summary Judgment. Over a year later, on July 10, 2014, Defendant filed a Motion to Dismiss Pursuant to Rules 37, 41, and 56.[2] The Court denied Defendant's Motion without prejudice on October 15, 2014, and ordered Plaintiff to respond to Defendant's Rule 56 Motion within 30 days.[3] The Court was clear that

---

[1] Docket No. 1.

[2] Docket No. 30.

[3] Docket No. 37.

failure to respond could result in sanctions up to, and including, dismissal. Plaintiff did not comply with the Court's Order. On November 17, 2014, Defendant renewed its Motion to Dismiss.[4] On February 4, 2015, the Court gave Plaintiff yet another opportunity to respond to Defendant's Rule 56 Motion and Renewed Motion to Dismiss. The Court required a response by February 9, 2015, and made it clear that failure to respond would result in dismissal of the case. Plaintiff did not comply, but filed a Status Report with excuses as to why he had not complied and requested additional time.[5] With no further response from Plaintiff by the Court's deadline, upon Defendant's Request to Submit for Decision on February 10, 2015, the Court granted Defendant's Motion to Dismiss. Plaintiff stated, in a letter to the Court dated February 19, 2015, that he planned to "file a motion for relief from judgment pursuant to rule 60(b)." Relief under Rule 60(b)(1) is only available for up to a year after the entry of judgment.[6] Other than two additional letters sent to the Court and lodged on the docket in March 2015, Plaintiff did nothing on this case until February 11, 2016, when he submitted a hand-written Motion to Review Decision, 363 days after the entry of judgment.

## II. DISCUSSION

As mentioned in the Court's Order to Dismiss,[7] "[a]lthough pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants."[8] "Rule 60(b)(1) provides that '[o]n motion and

---

[4] Docket No. 40.

[5] Docket No. 49.

[6] Fed. R. Civ. Pro. 60(c)(1).

[7] Docket No. 52.

[8] *Creative Gifts Inc. v. UFO,* 235 F.3d 540, 549 (10th Cir. 2000).

upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . . [for]: (1) mistake, inadvertence, surprise, or excusable neglect."[9] The only one of these factors that might apply to Plaintiff is excusable neglect. "The burden is upon the party moving to have the judgment set aside to plead and *prove* excusable neglect."[10]

Relevant factors to be considered in determining what constitutes excusable neglect include (1) danger of prejudice to the opposing party, (2) the length of delay, (3) the potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith.[11] The most important factor is the fault in the delay,[12] and the Court should consider "whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay)."[13]

The Court has considered these factors and finds that they weigh against reconsideration. Defendant would be prejudiced if it has to again litigate a case that was filed almost three years ago, never fully prosecuted, and then dismissed a year ago. Default judgments are meant to protect the rights of such defendants and these rights must be considered on a Rule 60(b) motion.[14] "'[T]he diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights.'"[15] The delay in this case was great with Plaintiff having

---

[9] *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005).

[10] *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).

[11] *Jennings,* 394 F.3d at 856.

[12] *Id.*

[13] *Id.* at 857.

[14] *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[15] *Id.* (quoting *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

nearly seven months to respond to Defendant's Motion. The delay hindered the timely resolution of the parties' claims and wasted judicial resources. The delay was also not a single unintentional one, but part of an ongoing pattern. Plaintiff admitted in his Status Report dated February 4, 2015, that he "was aware of the deadline set by the court to submit the motion to oppose defendant's summary judgment," but was "indisposed to work on his case."[16] Plaintiff now raises vague allegations that "health conditions during the case" prevented him from responding to Defendant's Motion.[17] Neither of these statements is sufficient to prove the prior delays qualify as excusable neglect under Rule 60(b). Nor does Plaintiff's earnest belief that his long delays were justified establish that the delays were made in good faith, and therefore excusable.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Review Decision (Docket No. 59) is DENIED.

DATED this 15th day of March, 2016.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[16] Docket No. 49, at 3.

[17] Docket No. 59, at 1.

4